```
                                                        U.S. DISTRICT COURT
                                                        DISTRICT OF VERMONT
                                                                FILED
              UNITED STATES DISTRICT COURT
                         FOR THE                        2020 NOV -3 PM 12:38
                  DISTRICT OF VERMONT
                                                              CLERK
```

| | |
|---|---|
| TAMARA SUE HARBEC and MARCEL LEO HARBEC, ) ) ) | BY ⎯⎯⎯⎯⎯⎯⎯⎯⎯ DEPUTY CLERK |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 5:19-cv-61 |
| NORTH COUNTRY HOSPITAL & HEALTH PRACTICES, ) ) ) | |
| Defendant. ) | |

**ENTRY ORDER**

The court granted summary judgment to the Government and to North Country Hospital & Health Practices (the "Hospital")[1] on May 26, 2020, and dismissed pro se plaintiff Tamara Sue Harbec's medical negligence claims against both defendants without prejudice for failure to produce a certificate of merit as required by 12 V.S.A. § 1042. (*See* Doc. 52.) But the court acknowledged that, under 12 V.S.A. § 1042(f), no certificate of merit is required when a plaintiff's claim against a healthcare provider is solely a claim of failure to obtain informed consent as defined by 12 V.S.A. § 1909, and that Ms. Harbec's filings suggested that she contemplated proceeding solely on an informed-consent theory. (Doc. 52 at 21–22.) Although the court had determined that Ms. Harbec's original complaint failed to state an informed-

---

[1] The Amended Complaint lists the United States of America and "North Country Hospital & Health Practices" as defendants. (Doc. 53 at 1.) The latter defendant appears to be the same defendant as "North Country Hospital" named in the original Complaint. The Hospital's Answer indicates that its formal name is "North Country Hospital & Health Center, Inc." (Doc. 55 at 1.) Regardless of the precise name, there appears to be no dispute as to the identity of this defendant, and the court refers to it as the "Hospital" here.

consent claim against either defendant, the court granted leave to amend to add factual allegations to support an informed-consent claim. (*Id.* at 22.)

Ms. Harbec, joined by Marcel Leo Harbec, filed an Amended Complaint on June 11, 2020. (Doc. 53.) The Government filed a motion to dismiss on June 23, 2020, arguing that the claims in the Amended Complaint are deficient, in part because they continued to include allegations that require a certificate of merit, and because the Amended Complaint failed to state a claim for informed consent. (*See* Doc. 54.) The Hospital filed an Answer on June 24, 2020, in which it asserted a variety of affirmative defenses, including lack of a certificate of merit and failure to state a claim. (Doc. 55.)

The court granted the Government's motion to dismiss on August 6, 2020. (Doc. 61.) Recognizing that only the Government had moved to dismiss, the court stated that its ruling "does not affect Plaintiffs' claims against the Hospital." (*Id.* at 16.) The Hospital is now the only defendant remaining in the case. It has not filed any motion or other paper since its June 24, 2020 Answer to the Amended Complaint.

In the absence of a stipulated discovery schedule or scheduling order in this case, the court orders as follows:

1. Any dispositive motion from the Hospital shall be filed within 90 days of the date of this Order or as otherwise ordered by the court.

2. Discovery shall conclude within six months of the date of this Order.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 3rd day of November, 2020.

Geoffrey W. Crawford, Chief Judge
United States District Court

2